IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CENTURY SURETY COMPANY, : | |
| : | |
| Plaintiff, : | |
| : | CIVIL ACTION NO. |
| v. : | 1:10-CV-2585-RWS |
| : | |
| FIRST INTERCONTINENTAL BANK, *et al.*, : | |
| : | |
| Defendants. : | |

**ORDER**

This case is before the Court for consideration of the Motion to Dismiss [15] and the Motion to Stay Discovery [30] filed by Defendant Goodman Gable Gould Adjusters International ("Adjusters International"). After reviewing the entire record, the Court enters the following Order.

**Motion to Dismiss**

When considering a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Also, the Court may consider external documents

when those documents are incorporated by reference in the complaint. Prince Heaton Enters., Inc. v. Buffalo's Franchise Concepts, Inc., 117 F. Supp. 2d 1357, 1361, n.2 (N.D. Ga. 2000). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (internal citations omitted). However, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id.

The United States Supreme Court has dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 127 U.S. at 561(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 556. The plausibility standard "does not[, however,] impose a probability requirement at

2

the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

Plaintiff Century Surety Company ("Plaintiff") issued a commercial lines insurance policy to Defendant Korea Express Atlanta, Inc. ("Korea Express") for the period June 10, 2005 to June 10, 2006. (Compl. at ¶ 7.) In the Policy, First Intercontinental Bank ("First Intercontinental") was identified as a mortgagor. (Id.) On August 13, 2005, a fire occurred to the insured property causing damages in excess of the policy limits. (Id. at ¶ 8.)

Korea Express, with the assistance of Adjusters International submitted a Proof of Loss to Plaintiff for a claim of $500,000 which was received by Plaintiff on December 13, 2005. (Id. at 9 and 10.) The Proof of Loss included a statement that Korea Express was the owner of the property and that no other person had any interest in or encumbrance on the property. (Id.) Plaintiff issued a check to Korea Express and Adjusters International in the amount of $500,000 on December 5, 2005. (Id., Ex. C.) Plaintiff alleges that the check was issued in response to the Proof of Loss submitted by Korea Express. (Id. at ¶ 11.)

On March 27, 2006, Plaintiff received another Proof of Loss submitted by Korea Express with the assistance of Adjusters International for $10,000 for

3

debris removal.  (Id. at ¶ 12.)  This Proof of Loss contained the same representations that Korea Express was the owner of the property and that no other person had any interest in or encumbrance on the property.  (Id. at ¶ 12.)  In response to this Proof of Loss, Plaintiff issued a check to Korea Express and Adjusters International on March 31, 2006 in the amount of $10,000.  (Id. at ¶ 13.)

On April 13, 2010, Plaintiff received a letter from First Intercontinental demanding payments under the policy.  (Id. at ¶ 14.)  First Intercontinental claimed to have an encumbrance on the property as a mortgagor. (Id. at ¶ 15.)  The Policy contains a clause requiring that any suit seeking to recover under the Policy must be brought within two (2) years after the date on which the loss or damage occurred.  (Id. at ¶ 19.)

Plaintiff identifies this action as a declaratory judgment action.  (Id. at p. 1.)  Specifically, Plaintiff alleges that there is a dispute as to whether First Intercontinental's claim is time-barred and seeks a declaration to that effect. (Id. at ¶ 22 and p. 8.)  However, in spite of Plaintiff's apparent position that this is simply a declaratory judgment action, Plaintiff seeks, as an alternative, "that Korea Express and/or Adjusters International be held liable for the return of the funds misdirected to them due to misrepresentations contained

4

in the Proofs of Loss." (Id. at p. 8.) The Court's uncertainty as to the nature of the claim being asserted against Adjusters International is not clarified by Plaintiff's Response to the Motion to Dismiss wherein Plaintiff states: "Nevertheless, Century has included sufficient information to state a cause of action against all Defendants, including Defendant Adjusters International; furthermore, any additional causes of action against Defendant Adjusters International may be stated in a companion civil action to be brought in a Georgia state court." (Resp. Br. [20] at 2.) This language suggests that Plaintiff anticipates filing an action in state court to pursue its damages claim against Adjusters International. Though the Court is uncertain of the specific claim Plaintiff is asserting against Adjusters International, the Court will address the issue of Adjuster International's potential liability to Plaintiff because the essential issues are common with the cross-claim of First Intercontinental.

The cause of action that is clearly presented by Plaintiff's Complaint is the suit for declaratory judgment to determine whether First Intercontinental's claim is time-barred. As to this claim, the Court finds that Adjusters International is not an appropriate party. This issue only involves Plaintiff and First Intercontinental. Therefore, Adjusters International is entitled to dismissal

5

of the claim for declaratory judgment regarding whether First Intercontinental's claim is time-barred.

As for Plaintiff's assertion that Adjusters International is liable for the payments under the Proofs of Loss submitted to Plaintiff, the Court finds that Adjusters International is entitled to dismissal of this claim, in part.  First, the Court finds that Plaintiff has failed to state a cause of action based upon the $500,000 payment.  "Under Georgia law, a plaintiff alleging fraud must demonstrate: (1) a false representation by the defendant, (2) the defendant's knowledge that the information is false (scienter), (3) intention to induce the plaintiff to act or to refrain from acting, (4) justifiable reliance by the plaintiff, and (5) damage to the plaintiff."  Financial Sec. Assur., Inc. v. Stephens, Inc., 500 F. 3d 1276, 1288 (11th Cir. 2007).  Plaintiff issued the $500,000 check before receiving the Proof of Loss from Korea Express.  Therefore, Plaintiff cannot establish justifiable reliance on the Proof of Loss.

As for Plaintiff's $10,000 claim, the Court finds that the claim is plausible.  Plaintiff has alleged specific misrepresentations in the Proof of Loss and alleged that it relied on those misrepresentations.  Therefore, the Court finds that Adjusters International is not entitled to dismissal of the $10,000 claim.

6

First Intercontinental filed a cross-claim against Korea Express and Adjusters International seeking to recover the $510,000 paid to Korea Express and Adjusters International by Plaintiff. First Intercontinental seeks to recover on the basis of the fraudulent representations made in the Proofs of Loss filed by Korea Express and Adjusters International. In response to the Motion to Dismiss, First Intercontinental asserts: "An insurance adjuster who falsely certifies a claim is liable to those who rely on the certification and pay the claim." Blackwell v. American Southern Ins. Co., 121 Ga. App. 671, 175 S.E. 2nd 160 (1970)." (Resp. [21] at 3.) However, as stated above, the evidence shows that Plaintiff did not rely upon the representations made in the $500,000 Proof of Loss. Therefore, in the absence of evidence of reliance by Plaintiff, Adjusters International could not be held liable. Therefore, Adjusters International is entitled to dismissal of the $500,000 cross-claim by First Intercontinental. For the reasons stated above, the Court concludes that Adjusters International is not entitled to dismissal of First Intercontinental's $10,000 claim.

Based on the foregoing, the Motion to Dismiss [15] filed by Defendant Adjusters International is **GRANTED IN PART**, and **DENIED IN PART**. The Motion is granted as to the declaratory judgment action seeking a

7

declaration that First Intercontinental's claim is time-barred and as to the claim by Plaintiff and cross-claim by First Intercontinental for the $500,000 payment alleged to have been made on the first Proof of Loss. The Motion is denied as to the claim by Plaintiff and cross-claim by First Intercontinental for the $10,000 payment alleged to have been made on the second Proof of Loss

**Motion to Stay Discovery**

Because the Court has now ruled on the Motion to Dismiss, the Motion to Stay Discovery [30] is **DENIED**, **AS MOOT**.

**SO ORDERED**, this   19th   day of January, 2011.


_____
**RICHARD W. STORY**
United States District Judge